UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONNELL MOTEN,

    **Plaintiff,**

  v.                        Case No. 19-CV-908

INSINKERATOR,
A Division of Emerson Electric Co.,

    **Defendant.**

## ORDER ON MOTION FOR SANCTIONS

On September 12, 2019, the Defendant moved for sanctions against Moten's attorney for attaching to the complaint an unsealed document that contained a confidential settlement agreement. (Mot. for Sanctions, Docket # 12.) The Defendant requests that the court order Moten's counsel to reimburse it for attorney's fees incurred in negotiating and preparing a joint stipulation to seal the document, as well as in preparing and filing this motion for sanctions. (*Id.*) For the reasons below, I will grant the Defendant's motion.

## BACKGROUND

Moten's complaint alleges that the Defendant—his employer—subjected him to discrimination based on race, gender, and disability, as well as retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 4, Docket # 1.) Moten alleges that he left his employment due to these actions, but returned after he and the Defendant entered into a "Settlement Agreement and Release of All Claims and Promise Not to Sue" (the "Settlement Agreement") in February of 2017. (*Id.* ¶¶ 4, 6; Compl. Ex. A, Docket # 1-1.) However, the retaliation and discrimination continued, and in

October 2018 Moten filed another EEOC complaint. (*Id.* ¶¶ 6–9.) Moten was issued a Right to Sue letter on April 11, 2019 (Compl. Ex. C, Docket # 1-1 at 10–11), and filed his complaint in this court on June 20, 2019. The complaint included the Settlement Agreement as "Exhibit A." (Compl. Ex. A, Docket # 1-1 at 1–5.)

On July 2, 2019, the parties filed a joint stipulation to seal Exhibit A. (Docket # 5.) The stipulation acknowledged that the Settlement Agreement contained "a confidentiality provision, in which [the parties agreed] to keep its terms and conditions strictly confidential." (*Id.* ¶ 2.) The stipulation also acknowledged that there was good cause to keep the terms and conditions of the Settlement Agreement sealed, "[n]amely, the agreement manifests the settlement negotiated by Plaintiff and Defendant, and they expressly agreed to keep the terms and conditions of the agreement confidential." (*Id.* ¶ 3.) The stipulation was signed by counsel for both parties. (*Id.* at 3.) I ordered Exhibit A sealed on July 3, 2019. (Docket # 6.)

The Defendant filed its motion for sanctions on September 12, 2019. (Mot. for Sanctions, Docket # 12.) Counsel for the Defendant also filed a copy of a bill for services rendered between June 23, 2019 and June 28, 2019 that describes research, analysis, communication, and drafting related to the motion to seal. (Decl. of Jesse R. Dill, Docket # 15-1.) The bill itemizes 6.6 hours of services totaling $2,256.00. (*Id.*)

**ANALYSIS**

A court has inherent authority to impose appropriate sanctions to penalize and discourage misconduct. *Cree, Inc. v. BHP Energy Mexico S. De R.L. De C.V.*, 335 F. Supp. 3d 1105, 1114 (E.D. Wis. 2018) (citing *Ramirez v. T & H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991))). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith."

*Ramirez*, 845 F.3d at 776 (citations omitted). "Mere clumsy lawyering is not enough" to justify a finding of abuse of process or bad faith. *Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018). "The sanction imposed should be proportionate to the gravity of the offense." *Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003)).

The Defendant asserts that it is entitled to sanctions to reimburse it for the costs of procuring the order sealing Exhibit A. (Br. on Mot. at 1, Docket # 13.) The Defendant argues that the Settlement Agreement contained a clear provision requiring strict confidentiality, and Moten's counsel acted in violation of that provision by publicly filing it. (*Id.* at 3.) The Defendant points out that it knows of third parties who actually saw the agreement during the two weeks it was publicly available. (*Id.*) The Defendant asks for reimbursement of the $2,256.00 it spent on attorney's fees to procure a sealing order, as well as the fees incurred in preparing and filing its motion for sanctions. (*Id.* at 4.)

Moten's attorney argues against sanctions on the basis that sanctions should be reserved for conduct that is "deplorable" and only "the most willful and bad faith," which he asserts his was not. (Resp. Br. at 1, Docket # 18.) He notes that he did not engage in the extreme behavior present in some other cases in which sanctions were imposed, and also notes that he eventually agreed to the joint stipulation. (*Id.* at 1–2.) He also states in defense of filing the Settlement Agreement publicly that it constituted the "gravamen" of the complaint, was already "on file with a public agency" (presumably the EEOC), and "had been discussed freely."[1] (*Id.* at 1–2.)

---

[1] Moten's attorney also opposes sanctions on the erroneous basis that the Defendant did not submit an itemized bill justifying the amount requested. (Resp. Br. at 2.) In fact, the Defendant provided just such a document supporting its request for attorney's fees relating to the sealing order (Decl. of Jesse Dill Ex. A, Docket # 15-1) and avers that it will provide another relating to this motion upon the court's order.

3

I find the disclosure of the Settlement Agreement in this matter unjustifiable. The Settlement Agreement contains an unambiguous confidentiality clause that was violated the moment Plaintiff's counsel filed Exhibit A unsealed. He has provided no plausible good-faith justification for his failure to seek to seal the document. Even if, as he alleges, the Settlement Agreement was at the heart of Moten's complaint, sealing it would have had no impact on adjudication of that complaint. *Cf. Rivera v. Sharp*, No. 1:08-cv-20, 2010 WL 2555065, at *4 (D.V.I. June 21, 2010) (noting that filing confidential document under seal would have had the same effect in securing relief sought as filing it unsealed). And even if, as counsel alleges, the Settlement Agreement was on file with the EEOC[2] or was a topic of free discussion, the confidentiality clause still clearly forbade publication of the Settlement Agreement.

To be quite clear, Exhibit A should have been filed under seal. *Cf. Baella-Silva v. Hulsey*, 454 F.3d 5, 11–12 (1st Cir. 2006) ("Filing an [unsealed] document on the district court's electronic filing system is not consistent with keeping information confidential."); *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 953 (5th Cir. 2001) ("There is simply no good faith reason for counsel not to have filed the motion to enforce under seal given that the settlement agreement clearly required them to do so."). Plaintiff's counsel is correct that the mere filing of an unsealed confidentiality agreement does not *per se* justify sanctions. (Resp. Br. at 2.) But filing an unsealed confidentiality agreement *in bad faith* does justify sanctions, and counsel for Moten has not offered any good-faith reason, such as mistake, to excuse his doing so. Counsel is certainly correct that this level of bad faith does not sink to the levels seen in some other cases (Resp. Br. at 1–3), but it need not do so to justify sanctions so long as the sanctions are proportionate to the gravity of the offense. *Montano*, 535 F.3d at 563.

---

[2] The Defendant asserts that it is not.

4

Here, the sanction requested—reimbursement of attorney's fees for preparing and filing the stipulation to seal and the motion for sanctions—is directly proportionate to the harm.[3] Furthermore, I find the amount appropriate to deter similar conduct in the future. Plaintiff's counsel urges "less restrictive means," such as "simply instructing the Plaintiff not to file an action again attaching a confidentiality agreement" (*id.* at 2), but counsel is already under an obligation not to file confidential documents unsealed, so such a response is meaningless.

I am mindful that sanctions are not to be granted lightly. However, because I find that Plaintiff's counsel acted in bad faith in filing the Settlement Agreement unsealed, and that the sanctions requested are proportionate to the offense, I will grant the Defendant's motion for sanctions. Plaintiff's counsel will be ordered to reimburse the Defendant $2,256.00 in attorney's fees for obtaining a sealing order, as well as reasonable attorney's fees for preparing and filing its motion for sanctions.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendant's motion for sanctions (Docket # 12) is **GRANTED**. Counsel for Moten shall pay the Defendant's reasonable costs and attorney's fees associated with the joint stipulation to seal Exhibit A in the amount of $2,256.00, in addition to reasonable costs and attorney's fees associated with the motion for sanctions upon the court's approval of that amount.

---

[3] The sanction requested is also directly proportionate to the remedy prescribed by the Settlement Agreement for breach of the confidentiality clause: damages. (Compl. Ex. A ¶ 6). If anything, the sanction the Defendant requests is modest, as it does not include compensation for the non-monetary harm of third parties viewing the Settlement Agreement.

**IT IS FURTHER ORDERED** that, within **ten (10) days** of this Order, counsel for the Defendant shall submit an affidavit or other certification detailing the costs and fees relating to and associated with the motion for sanctions.

Dated at Milwaukee, Wisconsin this 13th day of November, 2019.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge