**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**DONNELL MOTEN,**

    **Plaintiff,**

  v.                                                               Case No. 19-CV-908

**INSINKERATOR,**
 A Division of Emerson Electric Co.,

    **Defendant.**

---

## ORDER

On September 12, 2019, the Defendant moved for sanctions against Moten's attorney for filing an unsealed confidential settlement agreement. (Docket # 12.) On November 13, 2019, I granted the Defendant's motion and ordered counsel for Moten to pay reasonable costs and attorney's fees associated with the joint stipulation to seal in the amount of $2,256.00. (Docket # 21.) I also ordered counsel for Moten to pay reasonable costs and fees associated with the motion for sanctions upon the court's approval of that amount and ordered counsel for the Defendant to submit an affidavit or other certification detailing those costs and fees within ten days. (*Id.*) On November 22, 2019, counsel for the Defendant submitted a petition for fees along with a declaration and an itemized invoice. (Docket # 22, Docket # 23, Docket # 23-1). These filings document 8.9 hours of services associated with the motion for sanctions, totaling $2,976.50. (*Id.*) Counsel for Moten opposes this second amount as unreasonable to the point of punitive. (Docket # 24.)

The method for calculating reasonable attorney fees is not precise, but rather is based on the "learned guesses of district court judges." *Evans v. City of Evanston*, 941 F.2d 473, 476–

77 (7th Cir. 1991). District courts have great discretion in choosing from among different alternative methods. *Id*. at 477. District courts also have broad discretion in setting sanction awards that they believe will serve a deterrent purpose, while at the same time awarding only those fees that result directly from the conduct to be sanctioned. *Divane v. Krull Electric Co.*, 319 F.3d 307, 314 (7th Cir. 2003).

In this case, the conduct of counsel for Moten required the Defendant to expend resources on two filings: a joint stipulation to seal and a sanctions motion. Because the underlying conduct giving rise to both filings was a single action, however, I assess the appropriate sanction as a whole. As stated above, I already ordered Moten's counsel to pay $2,256.00. I will now order counsel for Moten to pay an additional $1,500 for a total of $3,756 of attorneys' fees and costs. I find this total amount proportionate to the sanctionable conduct and sufficient to serve the deterrent purpose of sanctions. Although the amount is less than the Defendant requested, it is proportionate to the reasonable and necessary work required to file the joint stipulation and the motions for sanctions, as neither was complex or novel.

Finding the amount of $1,500 to be reasonable, the court **HEREBY ORDERS** counsel for Moten to pay the Defendant's reasonable costs and attorney's fees associated with the motion for sanctions in the amount of $1,500.

Dated at Milwaukee, Wisconsin this 16th day of January, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge