UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONELLE MOTEN,

        **Plaintiff,**

v.                                                Case No. 19-CV-908

**INSINKERATOR,**
 A Division of Emerson Electric Co.,

        **Defendant.**

## ORDER ON MOTION FOR SANCTIONS

      InSinkErator, a Division of Emerson Electric Co. ("ISE"), moves for sanctions against Moten in the form of dismissing Moten's complaint in its entirety with prejudice and/or an award of attorneys' fees and costs incurred as a result of Moten's alleged discovery abuses and failure to comply with Court orders. (Docket # 53.) I have granted summary judgment in favor of ISE and dismissed all of Moten's claims on the merits; thus, to the extent ISE requests dismissal as a sanction, the motion is now moot. However, ISE also requests that Moten be ordered to reimburse ISE for its costs and attorneys' fees. For the reasons below, I will grant ISE's motion for sanctions as to attorneys' fees and costs.

## BACKGROUND

      Moten, through Attorney Walter W. Stern, III, sued ISE on June 20, 2019, alleging discrimination and retaliation based on race. (Docket # 1.) Not three months into the litigation, on September 12, 2019, ISE moved for sanctions on the grounds that Attorney Stern attached an unsealed Settlement Agreement to Moten's Complaint, in direct violation of the Agreement's own terms to keep the document confidential. (Docket # 12.) I granted

ISE's motion on November 13, 2019 and awarded ISE $2,256.00 in attorneys' fees and costs. (Docket # 21.) I ordered ISE to submit a certification of costs and fees related to filing the sanctions motion, and ultimately granted an additional $1,500.00 in sanctions on January 16, 2020. (Docket # 25.) Attorney Stern has paid this sanction award to ISE. (Docket # 54 at 4 n.3.)

Very shortly thereafter, on January 27, 2020, ISE filed an expedited motion to compel Moten's discovery response, arguing that Moten failed to file full and complete responses to ISE's discovery requests and initial disclosures. (Docket # 26.) While this motion was pending, on February 10, 2020, Attorneys Paul Strouse and Thomas Napierala entered notices of appearance. (Docket # 29.) Attorney Stern was withdrawn as counsel of record. A hearing was held on ISE's expedited motion on February 12, 2020. (Docket # 31.) Both Attorneys Strouse and Napierala appeared at the hearing. (*Id.*) Moten was ordered to turn over all outstanding discovery by March 12, 2020 and the parties were ordered to confer regarding an award of costs due ISE for Moten's discovery delays. (*Id.*) The parties could not stipulate to an amount for attorneys' fees, so on April 16, 2020, I awarded ISE $4,000.00 for fees and costs associated with obtaining discovery. (Docket # 36.)

On May 5, 2020, ISE informed the Court that Moten failed to comply with the Court's February 12, 2020 Order compelling discovery and indicated that Moten's counsel had failed to pay the $4,000.00 sanction award. (Docket # 37.) Attorney Napierala responded, denying a lack of compliance with the discovery requests and asserting that as Attorneys Napierala and Strouse entered appearances only two days prior to the sanctions hearing, they should not be responsible for the sanctions award. (Docket # 39.) I held a hearing on May 15, 2020 on the continued discovery disputes and sanctions award. (Docket # 40.) Moten was ordered to either pay counsel the sanctions award by May 29, 2020 or update the Court on the status.

(*Id.*) On June 4, 2020, the Court received a letter from Attorney Napierala stating that Attorney Stern had been updated regarding the sanctions issue and Attorney Stern was attempting to resolve the issue. (Docket # 41.) However, on June 15, 2020, ISE informed the Court that the April 16, 2020 sanctions award remained unpaid. (Docket # 45.)

Also on June 15, 2020, the parties filed a joint motion to extend the discovery deadlines. (Docket # 43.) ISE stated that it served its first set of written discovery on October 1, 2019, with responses due October 31, 2019. (*Id.* ¶ 2.) The discovery requests included medical record disclosure authorizations for any providers Moten treated with regarding his damages claims. (*Id.*) Moten responded with the name of one treating provider. (*Id.* ¶ 3.) The records from this provider contained the names of three additional providers Moten treated with related to his claim. (*Id.*) ISE then obtained additional medical authorizations for these providers. (*Id.*) Moten was deposed on June 9, 2020 and during his deposition, ISE learned of an additional medical provider he treated with regarding his alleged damages. (*Id.* ¶ 4.) As such, ISE requested an additional 60 days to obtain the records from this treating provider and to determine whether he needed to be deposed or whether Moten needed to be questioned further. (*Id.* ¶ 6.) The parties' motion was granted and a dispositive motion deadline of October 29, 2020 was given. Once again, ISE learned of two additional, previously undisclosed, healthcare providers Moten treated with after obtaining these additional medical records. (Docket # 54 at 7.)

On September 11, 2020, ISE moved for summary judgment on the merits of Moten's discrimination and retaliation claims. (Docket # 47.) ISE simultaneously filed the instant motion for sanctions. (Docket # 53.) In its sanctions motion, ISE asks, in the event that its summary judgment motion is denied on the merits, for dismissal of Moten's complaint with prejudice as a sanction for Moten's pattern of discovery misconduct. (Docket # 54 at 2 n.1.)

Additionally, ISE requests its attorneys' fees and costs. Pursuant to Civil L. R. 56(b)(2) (E.D. Wis.), a party opposing a motion for summary judgment must file within 30 days of service of the motion a memorandum of law and a response to the moving party's proposed findings of fact. Moten failed to respond to either the summary judgment or the sanctions motion. ISE, however, filed a reply brief on October 15, 2020—the date Moten's summary judgment response was due. (Docket # 56.) ISE informed the Court that plaintiff's counsel still had not paid the $4,000.00 in sanctions awarded to ISE. (*Id.*)

For the next six months, the docket remained silent. However, on April 15, 2021, Attorney Napierala moved to withdraw as counsel from the case, stating that he and Attorney Strouse had "different philosophy [sic] concerning this matter" and that "it would be best for all parties if Attorney Strouse proceeded on this matter as sole counsel." (Docket # 57.) No mention was made of the pending summary judgment or sanction motion. However, given Attorney Napierala's representations to the Court that Attorney Strouse continued on as counsel for this case, his motion was granted. Again, the docket fell silent until June 4, 2021, when Attorney Strouse also moved to withdraw as counsel, stating that he developed "irreconcilable differences" with Moten regarding how the case was to be litigated. (Docket # 58.) He stated that he was always the "second chair" in the litigation, that Attorney Napierala handled the majority of the work in the case, and that Attorney Napierala withdrew from the case without informing Attorney Strouse, leaving Attorney Strouse "to hold the 'proverbial bag.'" (*Id.*)

## ANALYSIS

Multiple avenues exist in which a Court can impose sanctions to penalize and discourage misconduct in litigation. ISE moves for sanctions under Fed. R. Civ. P. 37(b), which allows for the award of reasonable expenses, including attorneys' fees, caused by the

4

Case 2:19-cv-00908-NJ   Filed 06/09/21   Page 4 of 8   Document 60

failure to comply with a discovery order. In addition, however, to having the authority to sanction by statute or rule, a court has the inherent authority to fashion an appropriate sanction for conduct which abuses the judicial process, including the imposition of attorneys' fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) ("We discern no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions for the bad-faith conduct described above."). The *Chambers* Court warned, however, that because of its potency, a court must exercise its inherent powers with restraint and discretion. *Id.* at 44. "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez v. T & H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). "Mere clumsy lawyering is not enough" to justify a finding of abuse of process or bad faith. *Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018). "The sanction imposed should be proportionate to the gravity of the offense." *Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003)).

    I am mindful that sanctions should not be lightly granted. However, all three of Moten's attorneys in this case exhibited a pattern of bad faith and vexatious behavior from the case's inception. Not four months into this case, Attorney Stern was sanctioned for docketing a confidential document. Also early on, Moten was asked to provide a list of any providers he treated with regarding his damages claim. Moten responded with one name. Only after eight months of multiple previously undisclosed medical providers surfacing did ISE learn the names of (presumably) all of Moten's relevant treating providers. Moten was sanctioned for a second time due to his discovery misconduct and despite a court order in place compelling him to turn over all remaining outstanding discovery by March 12, 2020,

5

Case 2:19-cv-00908-NJ   Filed 06/09/21   Page 5 of 8   Document 60

Moten continued to fail to comply with ISE's discovery requests and pay the $4,000.00 sanction award. When ordered to provide a status as to payment of the sanction award to ISE by May 29, 2020, Attorney Napierala failed to respond until June 4 and even then, shifted responsibility to Attorney Stern. The award still has not been paid. Moten never responded to ISE's summary judgment or sanction motions, and both Attorneys Napierala and Strouse, rather than explaining their actions, moved to withdraw as counsel.

It is clear that Moten has received poor representation from all three attorneys since the beginning of this litigation. Plaintiff's counsel have delayed or otherwise impeded discovery, violated court orders, and ultimately ignored ISE's motion for summary judgment and for sanctions. Devoid of explanation, counsel attempt to shift blame—Attorneys Napierala and Strouse cannot comply with the Court's sanctions order because it was Attorney Stern's fault; Attorney Strouse was never *that* involved in the case, so all fault lies with Attorney Napierala. With three attorneys all pointing the finger at each other and ultimately jumping ship on the case, no one is left to claim responsibility. Unfortunately, in the end, the only person "left to hold the proverbial bag" is Moten. Again, Attorney Strouse now seeks to withdraw as counsel, stating that he has developed "irreconcilable differences" with Moten as to how to litigate the case. (Docket # 58.) As Attorney Strouse's strategy appears to be ignoring the pending motions, it is understandable why there is a difference of opinion. Attorney Strouse's motion to withdraw as counsel is denied.

On this record, ISE's motion for sanctions is justified and will be granted. Unfortunately, only Attorney Strouse is left as counsel of record in this case. As to the instant sanctions motion, ISE seeks its attorneys' fees incurred as a result of this sanctions motion and in its effort to continue pursuing treating healthcare providers since the Court's previous order for sanctions. (Docket # 53.) Although both Attorneys Napierala and Strouse have

acted in bad faith, as only Attorney Strouse remains as counsel of record, I will order Attorney Strouse to pay the sanctions. Counsel for ISE shall submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with filing the instant sanctions motion, as well as for its efforts to continue pursuing treating healthcare providers since the Court's previous order for sanctions, by **June 25, 2021**. Attorney Strouse will have until **July 9, 2021** to respond.

Additionally, there is the matter of the April 16, 2020 sanction in the amount of $4,000.00 that is yet to be paid. While Attorneys Napierala and Strouse may believe that Attorney Stern should pay this sanction, Attorney Stern was not attorney of record when the sanction was imposed. Thus, I find Attorneys Napierala and Strouse jointly and severally liable for the $4,000.00 sanction and order the sanction be paid to ISE no later than **June 25, 2021**.

Finally, because the facts of this case disclose legal representation so far below the minimal standards required of lawyers, I am sending a copy of this opinion and order to the Office of Lawyer Regulation for its information.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendant's motion for sanctions (Docket # 53) is **GRANTED IN PART AND DENIED AS MOOT IN PART**. To the extent Defendant asks for dismissal of Plaintiff's case as a sanction, the motion is denied as moot. However, Defendant's motion for attorneys' fees and costs is granted.

**IT IS FURTHER ORDERED** that counsel for the Defendant shall submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with filing the instant sanctions motion, as well as for its efforts to continue pursuing treating

healthcare providers since the Court's previous order for sanctions, by **June 25, 2021**. Attorney Strouse will have until **July 9, 2021** to respond.

**IT IS FURTHER ORDERED** that Attorneys Napierala and Strouse are jointly and severally liable for the $4,000.00 sanction and must pay the sanction to ISE no later than **June 25, 2021**.

**IT IS FURTHER ORDERED** that Attorney Strouse's motion to withdraw as counsel (Docket # 58) is **DENIED**.

**FINALLY, IT IS ORDERED** that a copy of this opinion and order be sent to the Office of Lawyer Regulation for its information.

Dated at Milwaukee, Wisconsin this 9th day of June, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge