# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DONELLE MOTEN,**

    **Plaintiff,**

  v.                          Case No. 19-CV-908

**INSINKERATOR,**
A Division of Emerson Electric Co.,

    **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES

On June 9, 2021, I granted the defendant's motions for sanctions. (Docket # 60.) Defendant was ordered to submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with filing the instant sanctions motion, as well as for its efforts to continue pursuing treating healthcare providers since the Court's previous order for sanctions. After requesting a one-week extension of time, Attorney Strouse was given until July 16, 2021 to respond. (Docket # 67.) The matter is now fully briefed and ready for resolution.

## ANALYSIS

Fed. R. Civ. P. 37(b)(2)(C) states that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees," for failing to comply with a discovery order, unless the failure was substantially justified or other circumstances make an award of expenses unjust. District courts may only impose discovery sanctions "where a party displays willfulness, bad faith, or fault." *Scott v. Chuhak &*

*Tecson, P.C.*, 725 F.3d 772, 778 (7th Cir. 2013). As articulated in detail in the June 9, 2021 Order granting the defendant's motion for sanctions, Moten was ordered to turn over *all* outstanding discovery by March 12, 2020. (Docket # 60 at 2.) Prior to this Order, Moten had provided the name of only one treating medical provider. (*Id.* at 3.) Through this treating provider's records, defendant learned of multiple other treating providers that Moten failed to disclose. (*Id.*)

Defendant seeks $18,303.50 in attorney's fees and costs incurred to obtain discovery responses related to Moten's healthcare providers since April 16, 2020, and to bring its motion for sanctions. (Docket # 64.) Defendant asserts that the time recorded and billed was reasonably expended and necessary to identify deficiencies and seek responsive discovery from Moten related to his health care providers and that the respective rate charged by defendant's counsel is commensurate with hourly rates of attorneys with similar experience specializing in the areas of labor and employment law in the relevant market. (*Id.* at 2.) Attorney Strouse does not contest the reasonableness of the hours expended or of defense counsel's hourly rate. (Docket # 68.) Rather, he outlines a set of misfortunes he encountered during "an abnormally difficult year from March 2020 until April 2021," including health issues and family struggles. (*Id.*)

Although I am sympathetic to Attorney Strouse's difficult year, never once during the course of this case did Attorney Strouse bring to the Court's attention any extenuating circumstances that impacted his ability to comply with discovery deadlines and the Court's order. Even in his most recent submission to the Court, his June 4, 2021 motion to withdraw as counsel, Attorney Strouse cites his "philosophical differences" with Moten and his

2

Case 2:19-cv-00908-NJ    Filed 07/29/21    Page 2 of 3    Document 70

problems with co-counsel as the reasons for why he wished to withdraw from the case. (Docket # 58-2.)

Thus, I find that an award of attorney's fees and costs in the amount of $18,303.50 is reasonable for Attorney Strouse's failure to comply with the Court's discovery order. Attorney Strouse is ordered to pay the sanction to defendant no later than 30 days from the date of this Order.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion for attorney's fees and costs (Docket # 64) is **GRANTED**. Attorney Strouse is ordered to pay defendant $18,303.50 no later than 30 days from the date of this Order.

Dated at Milwaukee Wisconsin this 29th day of July, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge